UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AMERIND RISK MANAGEMENT
CORPORATION, a Section 17 federally
chartered corporation,

                Plaintiff,

vs.

BLACKFEET HOUSING, BLACKFEET
HOUSING LIMITED PARTNERSHIP #1,
BLACKFEET HOUSING LIMITED
PARTNERSHIP #2, BLACKFEET HOUSING
LIMITED PARTNERSHIP #3, BLACKFEET
HOUSING LIMITED PARTNERSHIP #4,
NATIVE AMERICAN HOUSING FUND I
LIMITED PARTNERSHIP, NATIVE
AMERICAN HOUSING FUND II LIMITED
PARTNERSHIP, NATIVE AMERICAN
HOUSING FUND IV LIMITED
PARTNERSHIP, and NATIVE AMERICAN
HOUSING FUND V LIMITED
PARTNERSHIP,

                Defendants.

**PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF
AND TO COMPEL ARBITRATION**

COMES NOW, AMERIND Risk Management Corporation, Plaintiff, whose complaint against Defendants states as follows:

**Parties**

1.    Plaintiff AMERIND Risk Management Corporation (hereinafter referred to as "Amerind") is a Section 17 federally chartered corporation pursuant to the Indian Reorganization Act, 25 U.S.C. § 477. Amerind is jointly chartered by its Charter Tribes, the Red Lake Band of

Chippewa Indians, the Confederated Salish and Kootenai Tribes of the Flathead Reservation, and the Pueblo of Santa Ana. Amerind serves Tribal governments and Tribally owned entities including Tribally designated housing authorities by providing affordable and sustainable insurance programs, products and services that protect people, housing, government infrastructure, and economic enterprises in Indian Country. Amerind is governed by a Board of Directors that is made up of elected representatives of its membership, which it serves.

2. Upon information and belief, Defendant Blackfeet Housing (hereinafter referred to as "BH") is a Tribally designated housing authority created and solely owned by the Blackfeet Tribal Business Council, the governing body of the Blackfeet Nation; BH is also the General Partner of Blackfeet Housing Limited Partnership #1, Blackfeet Housing Limited Partnership #2, Blackfeet Housing Limited Partnership #3, and Blackfeet Housing Limited Partnership #4 (collectively referred hereinafter as the "Limited Partnerships").

3. BH is a Participant in Amerind's Tribal Operations Protection Program ("TOPP") shared risk pool through its Participation Agreement with Amerind. March 30, 2012 Participation Agreement attached as Exhibit A. BH is also a Member of Amerind through its regional representation on the Amerind Board of Directors.

4. Defendant Blackfeet Housing Limited Partnership #1 is a named insured, and Native American Housing Fund I Limited Partnership is an additional insured, of the TOPP Coverage Document, Exhibit B; Certificate of Coverage and Endorsement for Coverage Document 006744-4, effective 1/9/2013, and regarding Claim No. 9141, Exhibit C.

5. Defendant Blackfeet Housing Limited Partnership #2 is a named insured, and Native American Housing Fund II Limited Partnership is an additional insured, of the TOPP Coverage Document, <u>Exhibit B</u>; Certificate of Coverage and Endorsement for Coverage Document 006943-3, effective 9/20/2012, and regarding Claim No. 9142, <u>Exhibit D</u>.

6. Defendant Blackfeet Housing Limited Partnership #3 is a named insured, and Native American Housing Fund IV Limited Partnership is an additional insured, of the TOPP Coverage Document, <u>Exhibit B</u>; Certificate of Coverage and Endorsement for Coverage Document 006745-4, effective 3/10/2013, and regarding Claim No. 9188, <u>Exhibit E</u>.

7. Defendant Blackfeet Housing Limited Partnership #4 is a named insured, and Native American Housing Fund V Limited Partnership is an additional insured, of the TOPP Coverage Document, <u>Exhibit B</u>; Certificate of Coverage and Endorsement for Coverage Document 006945-3, effective 10/4/2012, and regarding Claim No. 9143, <u>Exhibit F</u>.

8. BH is a certificate holder of the four TOPP coverage policies listed in paras. 4, 5, 6, and 7. See page 2 of each of the <u>Exhibits C, D, E and F</u>. The TOPP coverage documents and their endorsements (<u>Exhibits B through F</u>) shall hereinafter be referred to collectively as the "TOPP Coverage Documents."

9. Upon information and belief, BH is acting as agent for the Limited Partnerships who are the named insureds, and the Housing Funds who are the named additional insureds, on the claims for coverage at issue in this complaint.

4816-3354-6273.1

### Jurisdiction and Venue

10. This court has jurisdiction over the parties pursuant to 28 U.S.C. §§ 1331 and 1362, and 9 U.S.C. § 4.

11. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b).

12. Amerind is headquartered and physically located within the exterior boundaries of the Pueblo of Santa Ana within the State of New Mexico.

### Factual Background

13. As a section 17 corporation owned by its three Charter Tribes, with its membership consisting of over 400 Tribal governments, Tribal governmental entities and Tribally Designated Housing Entities, Amerind possesses tribal sovereign immunity. *Amerind Risk Mngt. Corp. v. Malaterre*, 633 F.3d 680 (8th Cir. 2011) ("Because Amerind is a § 477 corporation that administers a tribal self-insurance risk pool, we hold that Amerind serves as an arm of the Charter Tribes and not as a mere business and is thus entitled to tribal sovereign immunity" (citation omitted).)

14. Amerind provides various insurance products and services through member owned and shared risk pools and those members are also tribal sovereign governments and arms of tribal sovereign governments that possess tribal sovereign immunity.

15. A dispute has arisen between Amerind and Defendants regarding the parties' respective rights and obligations, under the Participation Agreement and the TOPP Coverage Documents.

4816-3354-6273.1

16. The Participation Agreement and the TOPP Coverage Documents both provide that in the event there is a dispute between Amerind and one of its sovereign tribal members, such as Defendants, the parties will resolve any such disputes through arbitration.

17. Section 8 of the Participation Agreement states, in its entirety:

Arbitration

(a) <u>Scope of Arbitration.</u>  The parties shall resolve any dispute arising out of or relating to this agreement by informal mediation and, if the parties do not resolve the dispute within 90 days of the initiation of informal mediation, then by binding arbitration as follows:

(1) The parties will jointly select a single arbitrator to conduct the arbitration.  If the parties cannot agree on the arbitrator, then either party may request the New Mexico Bar Association to select the arbitrator.

(2) The Arbitration Rules of American Arbitration Association will govern the arbitration.

(3) The arbitrator has authority to award compensatory damages (but not punitive or exemplary damages), interest, attorneys' fees, and arbitration proceeding costs, and in any event on the condition that any award entered against ARMC [Amerind] shall be payable solely from the assets of TOPP, not from the assets of ARMC or any other protected cell or risk pool administered by ARMC.  If the arbitrator refuses to award attorneys' fees and arbitration proceeding costs, then the parties shall equally share the arbitration costs and bear their own attorneys' fees.  The arbitrator must render a written decision setting forth the factual and legal basis of the award.  There must be an arbitration record that includes all hearings and all evidence (including exhibits, deposition transcripts, affidavits, etc., admitted into evidence) in the arbitration proceeding.

(4) The arbitration will be held in Albuquerque, New Mexico, no later than 90 days after arbitration is invoked.

(5) The arbitrator's award is final, and may be entered and enforced only in either the United States District Court for the District of New Mexico, the Second Judicial District Court of the State of New Mexico, or the

Pueblo of Santa Ana Tribal Court (these courts, the "Courts of Competent Jurisdiction"). For this purpose, each party agrees to submit to the jurisdiction of the Courts of Competent Jurisdiction. The Federal Arbitration Act, 9 U.S.C. §§ 1-16, shall govern all matters relating to the enforceability of this section 8, and any arbitrator's award rendered.

(6) The arbitrator shall apply the substantive law of the Pueblo of Santa Ana, exclusive of any conflict of law rules.

(7) Any arbitration proceeding under this regulation must be brought no later than one year after the dispute arose. The failure to timely bring an arbitration proceeding is (i) an absolute bar to the commencement of the arbitration proceeding concerning the dispute and (ii) a waiver of the dispute.

(8) Each party is required to continue to perform its obligations under the regulation pending final resolution of the arbitration proceeding unless to do so would be impossible or impracticable under the circumstances.

(9) Either party may bring an action in either one of the Courts of Competent Jurisdiction to: (i) compel arbitration, (ii) determine the validity of this agreement or this section 8, (iii) determine the authority of the signatories to this agreement, or (iv) determine whether tribal sovereign immunity or tribal remedies has been waived. To the extent permitted by law, the Participant waives the exhaustion of tribal remedies.

(b) <u>Judicial Review.</u>

(1) An appeal may be taken from any final award in any arbitration only to the Southwest Intertribal Court of Appeals.

(2) An appellate award may be issued modifying or setting aside the arbitrator's award, but only on the following grounds: (i) that the arbitrator's award contains material and prejudicial errors of law of such a nature that it does not rest upon any appropriate legal basis, or is based upon factual findings clearly unsupported by the record; or (2) that the arbitrator's award is subject to one or more of grounds set forth in Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10, for vacating an award.

(c) <u>Survival.</u> The provisions of this section 8 shall survive the termination or cancellation of this agreement.

<u>Exhibit A,</u> Participation Agreement, Section 8.

4816-3354-6273.1

18.     The TOPP Coverage Documents also provide the following arbitration provision:

> If **you** and **we** do not agree whether coverage is provided by the **document**, then either party may make a written demand for arbitration, which arbitration shall be resolved in accordance with the CPR (Center for Public Resources) Institute for Dispute Resolution Rules for Non-Administered Arbitration by three arbitrators, one of whom each party shall designate in accordance with Rule 5.4 of such Rules. Each party will: a. Pay the expenses it incurs; and b. Bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place at **our** address as shown on the **Certificate of Coverage**. Any judgment upon the award rendered by the arbitrators may be entered to your tribal or any federal court of competent jurisdiction.

Exhibit B, TOPP Scope of Coverage, General Coverage Conditions, Section 15 (bolded in original).

19.     The Participation Agreement further provides that the Participation Agreement and the TOPP Scope of Coverage Document constitutes the entire agreement between Amerind and Defendants:

> This agreement and any coverage documents issued by TOPP constitutes the entire agreement between [Amerind] and the Participant with respect to the subject matter hereof, and supersede all other agreements, proposals, and other communications between, [Amerind] and the Participant relating to the subject matter hereof, whether oral or written.

Participation Agreement Section 9(k).

20.     Section 8 of the Participation Agreement provides specific detail concerning the parties' process for arbitration, while section 15 of the TOPP Scope of Coverage Documents does not provide such specific detail.

21.     Although Section 8 of the Participation Agreement and Section 15 of the TOPP Scope of Coverage Documents provide conflicting reference to the rules to be followed in an

4816-3354-6273.1

arbitration: the Participation Agreement follows AAA rules, and the TOPP Scope of Coverage Documents follows CPR rules, both Section 8 of the Participation Agreement and Section 15 of the TOPP Scope of Coverage Documents require the parties to arbitrate their disputes arising out of those documents.

22. Neither the Participation Agreement nor the TOPP Scope of Coverage Documents provides that the forum for the arbitration should be provided by either AAA or CPR. However, both agreements provide that the arbitration is to take place in a location in the state of New Mexico.

23. A dispute has arisen between the parties regarding the parties' respective rights, duties and obligations under the Participation Agreement and the TOPP Coverage Documents.

24. On or about December 17, 2014 Amerind sent a demand for arbitration to the American Arbitration Association (AAA) to Defendants, and on December 30, 2014, the AAA acknowledged receipt of the demand for arbitration and provided the case number 01-14-0002-2363 for the matter.

25. Amerind attempted to work with Defendants to choose an arbitrator, to which Defendants' counsel responded that she would be seeking an injunction to prevent the arbitration from proceeding.

26. On or about January 5, 2015 and before an arbitrator had been appointed, Defendant BH filed a motion to dismiss the arbitration with AAA because "neither the Tribal Operation Protection Program nor the Tribal Operations Protection Plan Participation Agreement (Cell Agreement) authorizes the Claimant to file with the American Arbitration Association."

4816-3354-6273.1

8

27. The parties have agreed to hold the AAA arbitration in abeyance, with concurrence from the AAA.

28. Defendants have further refused to submit to arbitration as provided in the TOPP Coverage Document "in accordance with the CPR (Center for Public Resources) Institute for Dispute Resolution Rules for Non-Administered Arbitration."

## Claim for Relief

### Specific Performance to Compel Arbitration

29. Plaintiff incorporates herein by reference Paragraphs 1 through 28 above as though fully set forth herein.

30. There presently exists a controversy between Amerind and the Defendants regarding the parties' respective rights, obligations and duties to each other under the Participation Agreement and TOPP Coverage Documents.

31. The parties, both tribal sovereign entities, have agreed to resolve their disputes through arbitration in both section 8 of the Participation Agreement and section 15 of the TOPP Coverage Documents.

32. On December 17, 2014, Amerind submitted a demand for arbitration to the American Arbitration Association, which has been acknowledged and given the case number 01-14-0002-2363.

33. Defendants have refused to proceed with the AAA arbitration, arguing in a motion to dismiss to AAA that neither the Participation Agreement nor the TOPP Scope of Coverage Documents allows arbitration with AAA.

4816-3354-6273.1

34. Defendants have refused to proceed with either CPR or AAA arbitration.

35. The only manner of dispute resolution that the parties have agreed to – as sovereign tribal entities – is arbitration and therefore, Amerind respectfully requests this Court to grant specific performance with the parties' agreements for arbitration.

**Declaratory Relief**

36. Plaintiff incorporates herein by reference Paragraphs 1 through 35 above as though fully set forth herein.

37. The Participation Agreement and the TOPP Scope of Coverage Document constitutes the entire agreement between Amerind and Defendants:

> This agreement and any coverage documents issued by TOPP constitutes the entire agreement between [Amerind] and the Participant with respect to the subject matter hereof, and supersede all other agreements, proposals, and other communications between, [Amerind] and the Participant relating to the subject matter hereof, whether oral or written.

Participation Agreement Section 9(k).

38. Section 8 of the Participation Agreement and section 15 of the TOPP Scope of Coverage Document provide for arbitration of any dispute between the parties.

39. Section 8 of the Participation Agreement provides specific detail concerning the parties' process for arbitration and section 15 of the TOPP Scope of Coverage Documents does not provide such specific detail.

40. Section 8 of the Participation Agreement and Section 15 of the TOPP Scope of Coverage Document provide conflicting reference to the rules to be followed in an arbitration:

4816-3354-6273.1

the Participation Agreement follows AAA rules, and the TOPP Scope of Coverage Documents follows CPR rules.

41.     Neither the Participation Agreement nor the TOPP Scope of Coverage Documents provides that the forum for the arbitration should be provided by either AAA or CPR.  However, both agreements provide that the arbitration is to take place in a location in the state of New Mexico.

42.     The two arbitration provisions further disagree on the number of arbitrators to be appointed for the dispute:  the Participation Agreement requires a single arbitrator and the TOPP Scope of Coverage Documents require 3 arbitrators.

43.     The Participation Agreement, because it provides more specific detail regarding the arbitration process, and is the primary document concerning the parties' relationship, controls any conflicting language between it and the TOPP Scope of Coverage Documents.

44.     Therefore, Amerind respectfully requests this Court to declare that the arbitration provisions within the Participation Agreement govern the parties' arbitration process by which the parties' current disputes are to be resolved.

### Prayer for Relief

WHEREFORE, Plaintiff AMERIND Risk Management Corporation, prays for judgment against Defendants as follows:

1.      For an order compelling the Defendants to participate in arbitration with Amerind, in Albuquerque, New Mexico;

4816-3354-6273.1

2. For a judgment declaring that the Arbitration Provision in the Participation Agreement is valid and governs the parties' arbitration;

3. For pre-judgment and post-judgment interests and cost of suit; and

4. For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 27<u>th</u> day of January, 2015.

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By  /s/ Stephen D. Hoffman
    Stephen D. Hoffman &
    Greg S. Como
    2929 North Central Avenue Suite 1700
    Phoenix, Arizona  85012
    (602) 385-1041
    (602) 385-1051 fax
    Stephen.Hoffman@lewisbrisbois.com
    Greg.Como@lewisbrisbois.com
    Attorneys for Plaintiff